IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 08-0138-WS |
| | ) | |
| JAMAL RASHEED PARKER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on the defendant's motion for reduction of sentence. (Doc. 33). The motion is based on Congress' enactment of the Fair Sentencing Act of 2010 ("the Act"). The Act, which lowered the statutory sentencing crack-powder ratio to approximately 18:1, does not apply to crimes committed before its enactment. *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010); *accord United States v. Coleman*, 2011 WL 396473 at *2 (11th Cir. 2011); *United States v. Bradley*, 2011 WL 169228 at *5 (11th Cir. 2011). The defendant's crimes occurred no later than 2008. Accordingly, the Act does not aid him.

The defendant also mentions Amendment 741 to the Sentencing Guidelines, but he correctly concedes that the amendment has not been made retroactive. *United States v. Billingsley*, 2011 WL 2433639 at *2 (E.D. Cal. 2011). Nor does Amendment 741 alter any guideline range. *Id.* It thus does not support relief under 18 U.S.C. § 3582(c)(2).

Although his motion is unclear, it may be that the defendant seeks a lowered sentence on other grounds. That is not possible. "The court may not modify a term of imprisonment once it has been imposed except": (1) on motion of the Director of the Bureau of Prisons; (2) when a defendant's sentencing range has subsequently been lowered by amendment to the guidelines made retroactive by the United States Sentencing Commission; or (3) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c).

[1]

The director of the Bureau of Prisons has not moved to modify the defendant's sentence.  As noted, the sentencing guidelines have not been retroactively amended in a manner beneficial to him.  Modification "otherwise expressly permitted by statute" refers to motions to vacate under 28 U.S.C. § 2255, *United States v. Diaz-Clark*, 292 F.3d 1310, 1316 (11th Cir. 2002), and the defendant has not filed a motion to vacate.  A motion under Rule 35(a) must be filed and acted upon within 14 days of sentencing, and the defendant was sentenced over two years ago.  A reduction of sentence under Rule 35(b) requires a government motion, and none has been filed.

With all formal means of altering his sentence unavailable, the defendant could obtain relief only if the Court possesses inherent authority to modify his sentence.  The Court has no such authority.  "Outside of Rule 35(c) [now Rule 35(a)] there exists no 'inherent authority' for a district court to modify a sentence."  *Diaz-Clark*, 292 F.3d at 1319.

For the reasons set forth above, the motion for reduction of sentence is **denied.**

DONE and ORDERED this 24th day of June, 2011.

                                                    s/ WILLIAM H. STEELE
                                                    CHIEF UNITED STATES DISTRICT JUDGE